**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| EMORY BRANTLEY,                )<br>                                              )<br>     PLAINTIFF,                        )<br>                                              )<br> V.                                          )<br>                                              )<br>TIFFIN MOTOR HOMES, INC. and  )<br>DAIMLER TRUCKS NORTH    )<br>AMERICA, LLC,                        )<br>                                              )<br>     Defendants.                        )  | CIVIL ACTION FILE NO. |

**NOTICE OF REMOVAL
UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**

PLEASE TAKE NOTICE that Defendant Daimler Trucks North America LLC ("DTNA"), by and through undersigned counsel, hereby file this Notice of Removal, removing Civil Action File No. 21CV3512 from the Superior Court of DeKalb County, State of Georgia ("Superior Court Action"), to the Atlanta Division of the United States Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of this Notice of Removal is concurrently filed with the Clerk of the Superior Court of DeKalb County, State of Georgia, in order to effect removal pursuant to 28 U.S.C. § 1441 and in accordance with Local Rule 3.7, Rules of Practice of the United States District Court for the

Northern District of Georgia. The Superior Court shall proceed no further unless and until this case is remanded. *See* 28 U.S.C. § 1441(d).

DTNA submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support shows as follows:

## I.   PROCEDURAL BACKGROUND

1. On April 15, 2021, Plaintiff Emory Brantley ("Plaintiff") filed a Complaint in the Superior Court of DeKalb County, Georgia in the civil action styled *Emory Brantley v. Tiffin Motor Homes, Inc. and Daimler Trucks North America, LLC*, bearing Civil Action File No. 21CV3512.

2. Plaintiff's Complaint seeks to recover damages Plaintiff claims to have sustained as a result of alleged defects in the chassis of his recreational vehicle. (*See* Compl. ¶¶ 6-19, included in composite **Exhibit A** attached hereto). The recreational vehicle at issue is a 2015 Tiffin Motorhome Allegro Phaeton, VIN 4UZACGCY6FCGU8440 ("RV"). (Ex. A at Compl. ¶ 1). In the Complaint, Plaintiff claims the alleged defects caused a thermal event while the subject RV was parked at the Stone Mountain Campground in Stone Mountain, DeKalb County, Georgia on June 28, 2019. (*See* Ex. A at Compl. ¶¶ 9-19). Plaintiff further contends Defendants are liable for his damages under theories of negligence and

strict products liability. (*See* Ex. A. at Compl. ¶¶ 20-43). DTNA denies it is liable to Plaintiff under any theory.

3. DTNA was served with the Summons and Complaint on May 6, 2021. DTNA has not filed a responsive pleading in the Superior Court Action. By filing this Notice of Removal, DTNA does not waive any defenses or objections that may be available.

4. Tiffin Motor Homes, Inc. ("Tiffin") was served with the Summons and Complaint on May 18, 2021.

5. This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of DTNA's receipt of Plaintiff's Complaint.

## II. COMPLETE DIVERSITY OF CITIZENSHIP

6. The Superior Court Action is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because Plaintiff's citizenship is diverse from the citizenship of all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. "Citizenship is equivalent to 'domicile' for purpose of diversity jurisdiction," and for an individual "domicile requires both residence in a state an

intention to remain there indefinitely." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

8. Plaintiff does not allege his state of residency and citizenship in the Complaint. Upon information and belief, Plaintiff is a citizen of Florida where he has resided for over forty (40) years. The Public Records of Pinellas County, Florida reflect that Plaintiff and his wife owned certain real property in Seminole, Florida from 1979 until 2012 when they transferred the property to their family trust. (*See* Warranty Deed and Quit-Claim Deed attached as composite **Exhibit B**). Since 2012, they have continued to hold the property for their use and benefit. (*See* Ex. B at Quit-Claim Deed). According to the Pinellas County Property Appraiser's and Pinellas County Tax Collector's records, Plaintiff claims said Florida property as his homestead annually, which he did most recently on November 20, 2020. (*See* Pinellas County Property Appraiser Database, Parcel No. 28-30-15-00000-320-0500, available at https://www.pcpao.org/ (last visited May 22, 2021), attached as **Exhibit C**; *see also* 2020 Real Estate Tax Bill available at https://pinellas.county-taxes.com/public/real_estate/parcels/R303288/bills/1032635 (last visited May 22, 2021), attached as **Exhibit D**). Notably, the Pinellas County Property Appraiser Plaintiff's records also indicate that Plaintiff's Florida homestead property contains a carport for an RV. (*See* Compact Property Record

Card available at https://www.pcpao.org/ (last visited May 22, 2021), attached as **Exhibit E**). Plaintiff alleges he purchased the subject RV from Lazy Days RV located in the State of Florida. (*See* Ex. A at Compl. ¶ 6). According to Florida Department of Highway Safety and Motor Vehicles records, the subject RV was titled by the State of Florida. (*See* Vehicle Information Check available at https://services.flhsmv.gov/MVCheckWeb/InquiryView.aspx/ (last visited May 22, 2021), attached as **Exhibit F**). The Complaint is devoid of any allegation that Plaintiff is a resident or citizen of the same state as one or both Defendants.

9. Tiffin Motor Homes, Inc. is, and was at the time Plaintiff filed the Superior Court Action, a foreign corporation incorporated under the laws of the State of Alabama with its principal place of business in Red Bay, Alabama. (*See* Compl. at ¶ 2). "A corporation is a citizen of its state of incorporation *as well as* the state in which it has its principal place of business." *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 768 (11th Cir. 2019). Therefore, Tiffin is a citizen of the State of Alabama. Tiffin's citizenship is diverse to that of Plaintiff.

10. Daimler Trucks North America LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Portland, Oregon. (*See* Compl. at ¶ 3). "[A] limited liability company is a citizen of any state of which a member of the company is a

citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Both now and when Plaintiff filed the Superior Court Action, DTNA had one member, Daimler Trucks & Buses US Holding Inc., a Delaware corporation with its principal place of business in Oregon. Therefore, DTNA is a citizen of Delaware and Oregon, meaning DTNA's citizenship is diverse to that of Plaintiff.

11.     Accordingly, there is, and was at the time Plaintiff filed the Superior Court Action, complete diversity between Plaintiff and Defendants.

### III.   AMOUNT IN CONTROVERSY

12.     For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in "in controversy" need only exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In determining whether this requirement is satisfied, the presiding court must first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Pertka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

13.     Plaintiff's Complaint alleges $233,697.60 in damages, exclusive of interest and costs. (*See* Compl. at ¶¶ 36, 43). Therefore, based upon the allegations of Plaintiff's Complaint, the amount-in-controversy requirement is met.

14. As shown above, the Superior Court Action is a civil action of which this Court has original jurisdiction 28 U.S.C. § 1332, as complete diversity exists between the parties who are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, the Superior Court Action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441.

IV. **ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

15. In accordance with 28 U.S.C. § 1446(a) and Local Rule 3.7 of the Rules of Practice in the United States District Court for the Northern District of Georgia, true and correct copies of all process, pleadings, and orders served upon DTNA in the Superior Court Action are attached hereto as **Exhibit A**.

16. Because this Notice of Removal was filed within thirty days of DTNA's receipt of Plaintiff's Complaint, it is timely under 28 U.S.C. § 1446(b).

17. Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the Superior Court of DeKalb County, Georgia, which lies within the Atlanta Division of the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2).

18. Tiffin, the only other named Defendant, has not retained Georgia counsel at this time. However, Tiffin has consented to the removal of the Superior

Court Action. 28 U.S.C. § 1446(b), as reflected by the Consent to Removal attached as **Exhibit G**.

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to the adverse party as required by law. A Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk for the Superior Court of DeKalb County, Georgia.

20. As is shown above, the Superior Court Action is within the jurisdiction of and removable to the United States District Court for the Northern District of Georgia, Atlanta Division.

21. DTNA has not sought similar relief with respect to this matter. If any question arises as to the propriety of the removal of this action, DTNA requests the opportunity to submit a brief and present oral argument in support of their position that this case was properly removed. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## V. CONCLUSION

For the foregoing reasons, DTNA respectfully gives notice that this action has been removed from the Superior Court of DeKalb County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division,

being the district and division for the county in which this action is pending, and request that this action proceed as properly removed to this Court.

Respectfully submitted this 27th day of May, 2021.

                           **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                           */s/ Rebecca M. Beane*
                           C. Bradford Marsh
                           Georgia Bar No. 471280
                           brad.marsh@swiftcurrie.com
                           Rebecca M. Beane
                           Georgia Bar No. 329477
                           rebecca.beane@swiftcurrie.com
                           Suite 300, The Peachtree
                           1355 Peachtree Street, N.E.
                           Atlanta, GA  30309-3231
                           404-874-8800 (ph)
                           404-888-6199 (fax)
                           *Counsel for Daimler Trucks North America LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

This 27th day of May, 2021.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Rebecca M. Beane*
C. Bradford Marsh
Georgia Bar No. 471280
brad.marsh@swiftcurrie.com
Rebecca M. Beane
Georgia Bar No. 329477
rebecca.beane@swiftcurrie.com
Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
*Counsel for Daimler Trucks North America LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *NOTICE OF REMOVAL* upon the following either via the CM/ECF system which will send electronic notification to counsel, or via U.S. Mail, postage pre-paid:

Joseph C. Proulx, Esq.
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Fax: (813) 251-3675
jproulx@gsgfirm.com
*Attorney for Plaintiff*

TIFFIN MOTOR HOMES, INC.
105 2ND Street NW
Red Bay, AL 35582

This 27th day of May, 2021.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Rebecca M. Beane*
C. Bradford Marsh
Georgia Bar No. 471280
brad.marsh@swiftcurrie.com
Rebecca M. Beane
Georgia Bar No. 329477
rebecca.beane@swiftcurrie.com
*Counsel for Daimler Trucks North America LLC*

4822-3687-1402, v. 2