# EXHIBIT A

## Case Information

### Emory Brantley vs. Daimler Trucks North America, LLC, Tiffin Motor Homes, Inc.

21CV3512

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| DeKalb - Superior Court | Civil | Product Liability | 4/15/2021 |

| Judge | Case Status | | |
|---|---|---|---|
| Johnson, Courtney L. | Open (Open) | | |

## Parties [3]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Emory Brantley | Joseph C Proulx |
| Defendant | Daimler Trucks North America, LLC | |
| Defendant | Tiffin Motor Homes, Inc. | |

## Events [6]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 4/15/2021 | Filing | Summons | Summons to be Issued | Summons.pdf |
| 4/15/2021 | Filing | Case Initiation Form | Case Initiation Form | Case Initiation Form.pdf |
| 4/15/2021 | Filing | Summons | Summons to be Issued | Summons.pdf |
| 4/15/2021 | Filing | Complaint or Petition for Negligence | Complaint | Complaint or Petition for Negligence.pdf |
| 5/17/2021 | Filing | Affidavit of Service | Affidavit of Process Server | Affidavit of Service.pdf |
| 5/19/2021 | Filing | Affidavit of Service | Affidavit of Process Server | Affidavit of Service.pdf |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.4.0.13


EMPOWERED BY TYLER TECHNOLOGIES

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior or** ☐ **State Court of** _____DEKALB_____ **County**

| | |
|---|---|
| **For Clerk Use Only** | |
| 4/15/2021 | 21CV3512 |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**            **Defendant(s)**

_Brantley_ _Emory_____       __Tiffin Motor Homes, Inc.__

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|

__Daimler Trucks North America, LLC__

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|

**Plaintiff's Attorney** Joseph C. Proulx, Esq.   **State Bar Number**   832707 **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☒ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
     **Case Number**              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

FILED 4/15/2021 12:46 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA       JAB

**DEKALB COUNTY SUPERIOR COURT**
**DEKALB COUNTY, GEORGIA**
**CIVIL DIVISION**                      21CV3512

**CASE NO.:**

**EMORY BRANTLEY,**

     **Plaintiff,**

**v.**

**TIFFIN MOTOR HOMES, INC. and**
**DAIMLER TRUCKS NORTH AMERICA, LLC,**

     **Defendants.**

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff EMORY BRANTLEY, by and through his undersigned counsel, and hereby files this Complaint against Defendants TIFFIN MOTOR HOMES, INC. and DAIMLER TRUCKS NORTH AMERICA, LLC and states as follows:

## **PARTIES**

1.  At all times relevant, Plaintiff EMORY BRANTLEY ("BRANTLEY" and/or "Plaintiff") is an individual and was the owner of a 2015 Tiffin Motorhome Allegro Phaeton, VIN No. 4UZACGCY6FCGU8440 (hereinafter referred to as the "subject vehicle").

2.  Defendant TIFFIN MOTOR HOMES, INC. ("TIFFIN") is a Foreign Corporation with its principal place of business located at 105 2ND Street NW, Red Bay, AL 35582. At all times relevant, TIFFIN was engaged in the manufacture, sale, and/or distribution of recreational vehicles and related equipment and services as well as marketing, supplying, and selling written warranties to the public at large through a system of authorized dealerships.

Copy from re:SearchGA

3.      Defendant DAIMLER TRUCKS NORTH AMERICA, LLC ("DAIMLER") is a Foreign Limited Liability Company authorized to do business in the State of Georgia, County of DeKalb, with its principal place of business located at 4555 North Channel Avenue, Portland, OR 97217. At all times relevant, DAIMLER was engaged in the manufacture, sale, and/or distribution of chassis, including chassis utilized as part of TIFFIN recreational vehicles. DAIMLER does business in all counties of the State of Georgia including DeKalb County, and maintains a Registered Agent, C T Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046-4805.

## JURISDICTION AND VENUE

4.      This is an action seeking damages in excess of $30,000.00, exclusive of attorneys' fees and court costs.

5.      The subject incident giving rise to this action occurred in DeKalb County, Georgia.

## FACTUAL ALLEGATIONS

6.      On or about April 21, 2015, BRANTLEY purchased the subject vehicle, which was manufactured and distributed by TIFFIN and included a chassis manufactured by DAIMLER, for valuable consideration from LAZY DAYS RV OF TAMPA.

7.      The price of the subject vehicle, including all collateral charges, registration charges, document fees, sales tax, bank charges and finance charges, totaled approximately $284,675.25.

8.      On or about April 21, 2015, BRANTLEY took possession of the subject vehicle and later experienced defects that substantially impaired the use, value, and/or safety of the subject vehicle.

2

Copy from re:SearchGA

9.      On July 28, 2019, BRANTLEY parked the subject vehicle at the Stone Mountain Campground located at or near 4003 Stonewall Jackson Dr, Stone Mountain, GA 30083.

10.     Approximately one hour later, BRANTLEY smelled smoke and saw flames coming out of the rear of the subject vehicle, in or near the engine compartment.

11.     The subject vehicle was quickly and fully engulfed in flames which caused extensive damage to the subject vehicle and resulted in a total loss of the subject vehicle and BRANTLEY'S personal contents.

12.     Subsequent investigation revealed that the fire originated from the chassis area on the subject vehicle, specifically, the area of the starter cable and power steering line.

13.     Subsequent investigation also revealed that the cause of the fire was an incorrectly routed power steering line and/or starter cable which caused them to come into direct contact with one another.

14.     The friction resulting from the direct contact between the steel-braided power steering line and the starter cable caused the insulation on the starter cable to wear out exposing the underlying bare copper.

15.     Electrical arcing from the starter cable's exposed copper to the power steering line ignited the power steering fluid and caused the fire.

16.     BRANTLEY justifiably lost confidence in the subject vehicle's safety and/or reliability and said defects have substantially impaired the value of the subject vehicle to BRANTLEY.

17.     Said defects could not have reasonably been discovered by BRANTLEY prior to BRANTLEY's acceptance of the subject vehicle.

3

Copy from re:SearchGA

18.     As a result of the fire, BRANTLEY has incurred damages in the amount of $206,692.95 for the damage to the subject vehicle and additional damages in the amount of $27,004.65 for damage to his personal property.

19.     All conditions precedent to the maintenance of this action either have occurred, have been satisfied, or have been waived.

## COUNT I – NEGLIGENCE AGAINST TIFFIN

20.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this Complaint.

21.     At all times relevant hereto, TIFFIN had a duty to exercise reasonable care in manufacturing, designing, constructing, assembling, packaging, and/or distributing vehicles and vehicle parts, including but not limited, to the subject vehicle.

22.     TIFFIN breached this duty, by and through its employees, agents, and/or representatives, by acting negligently in one or more of the following ways:

    a.     Failed to exercise ordinary care or skill in the manufacturing or assembly of the subject vehicle;

    b.     Failed to exercise ordinary care or skill in the design of the subject vehicle;

    c.     Failed to exercise ordinary care or skill in the marketing of the subject vehicle;

    d.     Failed to exercise ordinary care or skill in repair and/or servicing of the subject vehicle;

    e.     Failed to exercise ordinary care or skill in the testing of the subject vehicle;

    f.     Failed to exercise ordinary care or skill in the inspection of the subject vehicle;

    g.     Failed to assure that the subject vehicle was safe for its intended use;

    h.     Failed to correct and/or remedy known defects and/or known dangerous conditions within the subject vehicle; and/or

4

Copy from re:SearchGA

      i.     Was otherwise careless and negligent in the manufacturing, designing, constructing, assembling, packaging, and/or distributing the subject vehicle.

23.     As a direct and proximate result of the negligent acts and/or omissions on the part of TIFFIN, a fire originated within the subject vehicle, causing extensive damage.

24.     As a result of the fire, BRANTLEY has incurred damages in the amount of $206,692.95 for the damage to the subject vehicle and additional damages in the amount of $27,004.65 for damage to his personal property.

## COUNT II – STRICT PRODUCTS LIABILITY AGAINST TIFFIN

25.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this Complaint.

26.     At all times relevant, the subject vehicle was defective and/or unreasonably dangerous when it left the control of TIFFIN and was placed into the stream of commerce.

27.     At all times relevant, the subject vehicle reached BRANTLEY without any alteration or substantial change.

28.     At all times relevant, the subject vehicle was used in a reasonably foreseeable and normal manner and BRANTLEY was a prudent and diligent vehicle owner who kept a well-maintained vehicle, taking the subject vehicle to be serviced for regular maintenance and/or whenever an issue occurred.

29.     When the subject vehicle left the control of TIFFIN and was placed into the stream of commerce, it was defective and/or unreasonably dangerous, in light of its foreseeable and intended use, in one or more of the following ways:

      a.     The subject vehicle contained one or more manufacturing defects, including an incorrectly routed power steering line and/or starter cable, which resulted in a fire;

Copy from re:SearchGA

b.   The subject vehicle contained one or more design defects, including an incorrectly routed power steering line and/or starter cable, which resulted in a fire;

c.   The subject vehicle was distributed and/or sold with insufficient and/or improper warnings regarding the risk of fire associated with the subject vehicle;

d.   The subject vehicle was distributed and/or sold with insufficient and/or improper instructions regarding the proper use and/or maintenance of the subject vehicle; and/or

e.   The subject vehicle was otherwise designed, manufactured, distributed and/or sold in such a way as to introduce into the stream of commerce and provide its intended users with an unreasonably dangerous and defective product.

30.    As a direct and proximate result of one or more of the aforementioned defects and/or unreasonably dangerous conditions of the subject vehicle, a fire originated from and within the subject vehicle causing extensive damage.

31.    As a result of the fire, BRANTLEY has incurred damages in the amount of $206,692.95 for the damage to the subject vehicle and additional damages in the amount of $27,004.65 for damage to his personal property.

## COUNT III – NEGLIGENCE AGAINST DAIMLER

32.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this Complaint.

33.    At all times relevant hereto, DAIMLER had a duty to exercise reasonable care in manufacturing, designing, constructing, assembling, packaging, and/or distributing chassis, including but not limited, the chassis of the subject vehicle.

34.    DAIMLER breached this duty, by and through its employees, agents, and/or representatives, by acting negligently in one or more of the following ways:

6

Copy from re:SearchGA

a.   Failed to exercise ordinary care or skill in the manufacturing or assembly of the subject chassis;

b.   Failed to exercise ordinary care or skill in the design of the subject chassis;

c.   Failed to exercise ordinary care or skill in the marketing of the subject chassis;

d.   Failed to exercise ordinary care or skill in repair and/or servicing of the subject chassis;

e.   Failed to exercise ordinary care or skill in the testing of the subject chassis;

f.   Failed to exercise ordinary care or skill in the inspection of the subject chassis;

g.   Failed to assure that the subject chassis was safe for its intended use;

h.   Failed to correct and/or remedy known defects and/or known dangerous conditions within the subject chassis; and/or

i.   Was otherwise careless and negligent in the manufacturing, designing, constructing, assembling, packaging, and/or distributing the subject chassis.

35.   As a direct and proximate result of the negligent acts and/or omissions on the part of DAIMLER, a fire originated within the subject vehicle, causing extensive damage.

36.   As a result of the fire, BRANTLEY has incurred damages in the amount of $206,692.95 for the damage to the subject vehicle and additional damages in the amount of $27,004.65 for damage to his personal property.

## COUNT IV – STRICT PRODUCTS LIABILITY AGAINST DAIMLER

37.   Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this Complaint.

38.   At all times relevant, the subject chassis was defective and/or unreasonably dangerous when it left the control of DAIMLER and was placed into the stream of commerce.

7

Copy from re:SearchGA

39.     At all times relevant, the subject vehicle, including the subject chassis, reached BRANTLEY without any alteration or substantial change.

40.     At all times relevant, the subject vehicle, including the subject chassis, was used in a reasonably foreseeable and normal manner and BRANTLEY was a prudent and diligent vehicle owner who kept a well-maintained vehicle, taking the subject vehicle to be serviced for regular maintenance and/or whenever an issue occurred.

41.     When the subject chassis left the control of DAIMLER and was placed into the stream of commerce, it was defective and/or unreasonably dangerous, in light of its foreseeable and intended use, in one or more of the following ways:

    a.    The subject chassis contained one or more manufacturing defects, including an incorrectly routed power steering line and/or starter cable, which resulted in a fire;

    b.    The subject chassis contained one or more design defects, including an incorrectly routed power steering line and/or starter cable, which resulted in a fire;

    c.    The subject chassis was distributed and/or sold with insufficient and/or improper warnings regarding the risk of fire associated with the subject chassis;

    d.    The subject chassis was distributed and/or sold with insufficient and/or improper instructions regarding the proper use and/or maintenance of the subject chassis; and/or

    e.    The subject chassis was otherwise designed, manufactured, distributed and/or sold in such a way as to introduce into the stream of commerce and provide its intended users with an unreasonably dangerous and defective product.

42.     As a direct and proximate result of one or more of the aforementioned defects and/or unreasonably dangerous conditions of the subject chassis, a fire originated from and within the subject vehicle causing extensive damage.

Copy from re:SearchGA

43.     As a result of the fire, BRANTLEY has incurred damages in the amount of $206,692.95 for the damage to the subject vehicle and additional damages in the amount of $27,004.65 for damage to his personal property.

WHEREFORE Plaintiff EMORY BRANTLEY respectfully requests that Judgment be entered in his favor and against Defendants TIFFIN MOTOR HOMES, INC. and DAIMLER TRUCKS NORTH AMERICA, LLC in the amount of $233,697.60, plus costs, and for such other or further relief as this Court deems equitable and just.

### **DEMAND FOR JURY TRIAL**

Plaintiff EMORY BRANTLEY hereby demand Trial by Jury in this matter for all matters so triable.

Respectfully submitted on this 12th day of April, 2021.

/s/ Joseph C. Proulx
Joseph C. Proulx, Esq.
Georgia Bar No.: 832707
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone:  (813) 251-5500
Fax:  (813) 251-3675
jproulx@gsgfirm.com
*Attorneys for Plaintiff*

9

Copy from re:SearchGA

FILED 4/15/2021 12:46 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

JAB

# DEKALB COUNTY SUPERIOR COURT
## DEKALB COUNTY, GEORGIA
### CIVIL DIVISION

### CASE NO.:

**EMORY BRANTLEY,**

      **Plaintiff,**

**v.**

**TIFFIN MOTOR HOMES, INC. and**
**DAIMLER TRUCKS NORTH AMERICA, LLC,**

      **Defendants.**

_____/

### SUMMONS

THE STATE OF GEORGIA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the Complaint, in the

above-styled cause upon the Defendant:

**TIFFIN MOTOR HOMES, INC.**
**105 2ND Street NW**
**Red Bay, AL 35582**

      Each Defendant is hereby required to serve written defenses to said Complaint on

Plaintiff's attorney, whose name and address is:

**Joseph C. Proulx, Esq.**
**GOLDEN SCAZ GAGAIN, PLLC**
**1135 Marbella Plaza Drive**
**Tampa, Florida 33619**
**Phone: (813) 251-5500**
**Fax:   (813) 251-3675**

within 20 days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of said court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against

Copy from re:SearchGA

that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on this 15th day of april _____, 2021.

Clerk of Circuit Courts

/s/ John Bender

(Court Seal)          By: _____
                           Deputy Clerk

Copy from re:SearchGA

FILED 4/15/2021 12:46 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

JAB

# DEKALB COUNTY SUPERIOR COURT
## DEKALB COUNTY, GEORGIA
### CIVIL DIVISION

## CASE NO.:

**EMORY BRANTLEY,**

      **Plaintiff,**

**v.**

**TIFFIN MOTOR HOMES, INC. and**
**DAIMLER TRUCKS NORTH AMERICA, LLC,**

      **Defendants.**

_____/

## <u>SUMMONS</u>

THE STATE OF GEORGIA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the Complaint, in the

above-styled cause upon the Defendant:

**DAIMLER TRUCKS NORTH AMERICA, LLC**
**c/o C T Corporation System, Registered Agent**
**289 S. Culver St.**
**Lawrenceville, GA 30046-4805**

      Each Defendant is hereby required to serve written defenses to said Complaint on

Plaintiff's attorney, whose name and address is:

**Joseph C. Proulx, Esq.**
**GOLDEN SCAZ GAGAIN, PLLC**
**1135 Marbella Plaza Drive**
**Tampa, Florida 33619**
**Phone:  (813) 251-5500**
**Fax:    (813) 251-3675**

within 20 days after service of this summons upon that defendant, exclusive of the day of service,
and to file the original of the defenses with the clerk of said court either before service on plaintiff's

Copy from re:SearchGA

attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on this ____ 15th day of ____ april ____, 2021.

Clerk of Circuit Courts


/s/ John Bender

(Court Seal)                    By: _____

                                    Deputy Clerk

Copy from re:SearchGA

FILED 5/17/2021 1:13 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# Affidavit of Process Server

## DEKALB COUNTY SUPERIOR COURT DEKALB COUNTY, GEORGIA CIVIL DIVISION

(NAME OF COURT)

EMORY BRANTLEY  vs  DAIMLER TRUCKS NORTH AMERICA, LLC   21CV3512

PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER

I CHRIS STANTON , being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I ■served □was unable to serve : DAIMLER TRUCKS NORTH AMERICA, LLC,

NAME OF PERSON TO BE SERVED

with (list documents) SUMMONS AND COMPLAINT

by leaving with Jane Richardson of C T Corporation System, Registered Agent   At

NAME | RELATIONSHIP / POSITION

□ Residence _____

ADDRESS | CITY / STATE

■ Business  289 S. Culver St.Lawrenceville, GA 30046-4805

ADDRESS | CITY / STATE

On 5/6/21   AT 2:15 P.M.

DATE | TIME

□ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on _____

DATE

from _____

CITY   STATE   ZIP

**Manner of Service:**
□ **Personal:** By personally delivering copies to the person being served.
□ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
□ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
■ **Corporate:** By personally delivering copies to the person named above.
□ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

□ Unknown at Address   □ Moved, Left no Forwarding   □ Service Cancelled by Litigant   □ Unable to Serve in Timely Fashion
□ Address Does Not Exist   □ Other _____

**Service Attempts:** Service was attempted on: (1)_____   (2)_____

DATE   TIME   DATE   TIME

(3)_____   (4)_____   (5)_____

DATE   TIME   DATE   TIME   DATE   TIME

**Description:** Age 50S Sex F Race W Height 5'8 Weight 170 Hair BROWN Beard____ Glasses YES

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this _12_ day of _May_ , 202_1_, by _Chris Stanton_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of_____

FORM 2   NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

Copy from re:SearchGA

**FILED 5/19/2021 4:14 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA**

# Affidavit of Process Server

### Dekalb County Superior Court-Dekalb County, Georgia Civil Division
(NAME OF COURT)

Emory Brantly _____ vs _____ Tiffin Motor Homes Inc etal _____ 21-CV 3512
PLAINTIFF/PETITIONER _____ DEFENDANT/RESPONDENT _____ CASE NUMBER

I ____ Paul H Ivey _____, being first duly sworn, depose and say: that I am over the age of 18 years and
not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to
perform said service.

**Service:** I served _____ Tiffin Motor Homes Inc _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Summons.Complaint _____

by leaving with _____ Robert Waggoner _____ Security _____ At
NAME _____ RELATIONSHIP

☐ Residence_____
ADDRESS _____ CITY / STATE

☑ Business_____ 105 2nd Street NW _____ Red Bay, Al 35582
ADDRESS _____ CITY / STATE

On _____ 5.18.21 _____ AT _____ 3:24pm
DATE _____ TIME

☑ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
_____ DATE

from_____
CITY _____ STATE _____ ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being
served with a member of the household over the age of _____ and explaining the general nature of the papers.
☑ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with
the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been
unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant  ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist  ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
_____ DATE _____ TIME _____ DATE _____ TIME

(3)_____ (4)_____ (5)_____
DATE _____ TIME _____ DATE _____ TIME _____ DATE _____ TIME

**Description:**. Age 55+ Sex M  Race C  Height 5'10  Weight 250  Hair Blk  Beard --  Glasses --

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this __18th_ day of __May__, 20_21_, by _Paul H Ivey_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of _Alabama_

FORM 2   NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

MONICA J. HAYES
NOTARY PUBLIC, ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES MAR. 21, 2022

Copy from re:SearchGA

TD

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

EMORY BRANTLEY,                    )
                                   )
        PLAINTIFF,                 )
                                   )        CIVIL ACTION FILE NO.
V.                                 )
                                   )        21CV3512
TIFFIN MOTOR HOMES, INC. and       )
DAIMLER TRUCKS NORTH               )
AMERICA, LLC,                      )
                                   )
        Defendants.                )

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

NOTICE IS HEREBY GIVEN that Defendants Daimler Trucks North America LLC and Tiffin Motor Homes, Inc. have on this date removed the above-captioned action in the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of Defendants' Federal Notice of Removal, inclusive of exhibits, is attached as Exhibit 1.  Pursuant to 28 U.S.C. § 1446(d), this Court "shall proceed no further unless and until the case is remanded."

Respectfully submitted this 27th day of May, 2021.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Rebecca M. Beane*
C. Bradford Marsh
Georgia Bar No. 471280
brad.marsh@swiftcurrie.com
Rebecca M. Beane
Georgia Bar No. 329477
rebecca.beane@swiftcurrie.com
Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
*Counsel for Daimler Trucks North America LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE**

**OF FILING NOTICE OF REMOVAL** upon the following via the Court's electronic filing

system and/or U.S. Mail, postage pre-paid:

Joseph C. Proulx, Esq.
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Fax: (813) 251-3675
jproulx@gsgfirm.com
*Attorneys for Plaintiff*

TIFFIN MOTOR HOMES, INC.
105 2ND Street NW
Red Bay, AL 35582

       This 27th day of May, 2021.

                  **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                  */s/  Rebecca M. Beane*
                  C. Bradford Marsh
                  Georgia Bar No. 471280
                  brad.marsh@swiftcurrie.com
                  Rebecca M. Beane
                  Georgia Bar No. 329477
                  rebecca.beane@swiftcurrie.com
                  Suite 300, The Peachtree
                  1355 Peachtree Street, N.E.
                  Atlanta, GA  30309-3231
                  404-874-8800 (ph)
                  404-888-6199 (fax)
                  *Counsel for Daimler Trucks North America LLC*

4823-5110-0650, v. 1

EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| EMORY BRANTLEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| V. | ) | |
| | ) | |
| TIFFIN MOTOR HOMES, INC. and | ) | |
| DAIMLER TRUCKS NORTH | ) | |
| AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL
## UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

PLEASE TAKE NOTICE that Defendant Daimler Trucks North America LLC ("DTNA"), by and through undersigned counsel, hereby file this Notice of Removal, removing Civil Action File No. 21CV3512 from the Superior Court of DeKalb County, State of Georgia ("Superior Court Action"), to the Atlanta Division of the United States Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of this Notice of Removal is concurrently filed with the Clerk of the Superior Court of DeKalb County, State of Georgia, in order to effect removal pursuant to 28 U.S.C. § 1441 and in accordance with Local Rule 3.7, Rules of Practice of the United States District Court for the

Northern District of Georgia. The Superior Court shall proceed no further unless and until this case is remanded. *See* 28 U.S.C. § 1441(d).

DTNA submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support shows as follows:

## I.   PROCEDURAL BACKGROUND

1.   On April 15, 2021, Plaintiff Emory Brantley ("Plaintiff") filed a Complaint in the Superior Court of DeKalb County, Georgia in the civil action styled *Emory Brantley v. Tiffin Motor Homes, Inc. and Daimler Trucks North America, LLC*, bearing Civil Action File No. 21CV3512.

2.   Plaintiff's Complaint seeks to recover damages Plaintiff claims to have sustained as a result of alleged defects in the chassis of his recreational vehicle. (*See* Compl. ¶¶ 6-19, included in composite **Exhibit A** attached hereto). The recreational vehicle at issue is a 2015 Tiffin Motorhome Allegro Phaeton, VIN 4UZACGCY6FCGU8440 ("RV"). (Ex. A at Compl. ¶ 1). In the Complaint, Plaintiff claims the alleged defects caused a thermal event while the subject RV was parked at the Stone Mountain Campground in Stone Mountain, DeKalb County, Georgia on June 28, 2019. (*See* Ex. A at Compl. ¶¶ 9-19). Plaintiff further contends Defendants are liable for his damages under theories of negligence and

strict products liability. (*See* Ex. A. at Compl. ¶¶ 20-43). DTNA denies it is liable to Plaintiff under any theory.

3.     DTNA was served with the Summons and Complaint on May 6, 2021. DTNA has not filed a responsive pleading in the Superior Court Action. By filing this Notice of Removal, DTNA does not waive any defenses or objections that may be available.

4.     Tiffin Motor Homes, Inc. ("Tiffin") was served with the Summons and Complaint on May 18, 2021.

5.     This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of DTNA's receipt of Plaintiff's Complaint.

## II.     COMPLETE DIVERSITY OF CITIZENSHIP

6.     The Superior Court Action is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because Plaintiff's citizenship is diverse from the citizenship of all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     "Citizenship is equivalent to 'domicile' for purpose of diversity jurisdiction," and for an individual "domicile requires both residence in a state an

intention to remain there indefinitely." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

8.     Plaintiff does not allege his state of residency and citizenship in the Complaint. Upon information and belief, Plaintiff is a citizen of Florida where he has resided for over forty (40) years. The Public Records of Pinellas County, Florida reflect that Plaintiff and his wife owned certain real property in Seminole, Florida from 1979 until 2012 when they transferred the property to their family trust. (*See* Warranty Deed and Quit-Claim Deed attached as composite **Exhibit B**). Since 2012, they have continued to hold the property for their use and benefit. (*See* Ex. B at Quit-Claim Deed). According to the Pinellas County Property Appraiser's and Pinellas County Tax Collector's records, Plaintiff claims said Florida property as his homestead annually, which he did most recently on November 20, 2020. (*See* Pinellas County Property Appraiser Database, Parcel No. 28-30-15-00000-320-0500, available at https://www.pcpao.org/ (last visited May 22, 2021), attached as **Exhibit C**; *see also* 2020 Real Estate Tax Bill available at https://pinellas.county-taxes.com/public/real_estate/parcels/R303288/bills/1032635 (last visited May 22, 2021), attached as **Exhibit D**). Notably, the Pinellas County Property Appraiser Plaintiff's records also indicate that Plaintiff's Florida homestead property contains a carport for an RV. (*See* Compact Property Record

Card available at https://www.pcpao.org/ (last visited May 22, 2021), attached as **Exhibit E**). Plaintiff alleges he purchased the subject RV from Lazy Days RV located in the State of Florida. (*See* Ex. A at Compl. ¶ 6). According to Florida Department of Highway Safety and Motor Vehicles records, the subject RV was titled by the State of Florida. (*See* Vehicle Information Check available at https://services.flhsmv.gov/MVCheckWeb/InquiryView.aspx/ (last visited May 22, 2021), attached as **Exhibit F**).  The Complaint is devoid of any allegation that Plaintiff is a resident or citizen of the same state as one or both Defendants.

9.     Tiffin Motor Homes, Inc. is, and was at the time Plaintiff filed the Superior Court Action, a foreign corporation incorporated under the laws of the State of Alabama with its principal place of business in Red Bay, Alabama. (*See* Compl. at ¶ 2). "A corporation is a citizen of its state of incorporation *as well as* the state in which it has its principal place of business." *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 768 (11th Cir. 2019). Therefore, Tiffin is a citizen of the State of Alabama. Tiffin's citizenship is diverse to that of Plaintiff.

10.     Daimler Trucks North America LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Portland, Oregon. (*See* Compl. at ¶ 3). "[A] limited liability company is a citizen of any state of which a member of the company is a

citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Both now and when Plaintiff filed the Superior Court Action, DTNA had one member, Daimler Trucks & Buses US Holding Inc., a Delaware corporation with its principal place of business in Oregon. Therefore, DTNA is a citizen of Delaware and Oregon, meaning DTNA's citizenship is diverse to that of Plaintiff.

11.     Accordingly, there is, and was at the time Plaintiff filed the Superior Court Action, complete diversity between Plaintiff and Defendants.

### III.   AMOUNT IN CONTROVERSY

12.     For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in "in controversy" need only exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In determining whether this requirement is satisfied, the presiding court must first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Pertka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

13.     Plaintiff's Complaint alleges $233,697.60 in damages, exclusive of interest and costs. (*See* Compl. at ¶¶ 36, 43). Therefore, based upon the allegations of Plaintiff's Complaint, the amount-in-controversy requirement is met.

14.     As shown above, the Superior Court Action is a civil action of which this Court has original jurisdiction 28 U.S.C. § 1332, as complete diversity exists between the parties who are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, the Superior Court Action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441.

## IV.     ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

15.     In accordance with 28 U.S.C. § 1446(a) and Local Rule 3.7 of the Rules of Practice in the United States District Court for the Northern District of Georgia, true and correct copies of all process, pleadings, and orders served upon DTNA in the Superior Court Action are attached hereto as **Exhibit A**.

16.     Because this Notice of Removal was filed within thirty days of DTNA's receipt of Plaintiff's Complaint, it is timely under 28 U.S.C. § 1446(b).

17.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the Superior Court of DeKalb County, Georgia, which lies within the Atlanta Division of the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2).

18.     Tiffin, the only other named Defendant, has not retained Georgia counsel at this time. However, Tiffin has consented to the removal of the Superior

Court Action. 28 U.S.C. § 1446(b), as reflected by the Consent to Removal attached as **Exhibit G**.

19.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to the adverse party as required by law. A Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk for the Superior Court of DeKalb County, Georgia.

20.     As is shown above, the Superior Court Action is within the jurisdiction of and removable to the United States District Court for the Northern District of Georgia, Atlanta Division.

21.     DTNA has not sought similar relief with respect to this matter. If any question arises as to the propriety of the removal of this action, DTNA requests the opportunity to submit a brief and present oral argument in support of their position that this case was properly removed. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## V.     CONCLUSION

For the foregoing reasons, DTNA respectfully gives notice that this action has been removed from the Superior Court of DeKalb County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division,

being the district and division for the county in which this action is pending, and

request that this action proceed as properly removed to this Court.

Respectfully submitted this 27th day of May, 2021.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Rebecca M. Beane*
C. Bradford Marsh
Georgia Bar No. 471280
brad.marsh@swiftcurrie.com
Rebecca M. Beane
Georgia Bar No. 329477
rebecca.beane@swiftcurrie.com
Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
*Counsel for Daimler Trucks North America LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

This 27th day of May, 2021.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Rebecca M. Beane*
C. Bradford Marsh
Georgia Bar No. 471280
brad.marsh@swiftcurrie.com
Rebecca M. Beane
Georgia Bar No. 329477
rebecca.beane@swiftcurrie.com
Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
*Counsel for Daimler Trucks North America LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon the following either via the CM/ECF system which will send electronic notification to counsel, or via U.S. Mail, postage pre-paid:

Joseph C. Proulx, Esq.
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Fax: (813) 251-3675
jproulx@gsgfirm.com
*Attorney for Plaintiff*

TIFFIN MOTOR HOMES, INC.
105 2ND Street NW
Red Bay, AL 35582

This 27th day of May, 2021.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Rebecca M. Beane*
C. Bradford Marsh
Georgia Bar No. 471280
brad.marsh@swiftcurrie.com
Rebecca M. Beane
Georgia Bar No. 329477
rebecca.beane@swiftcurrie.com
*Counsel for Daimler Trucks North America LLC*

4822-3687-1402, v. 2