UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMORY BRANTLEY, <br><br> Plaintiff, <br><br> v. <br><br> TIFFIN MOTOR HOMES, INC. and DAIMLER TRUCKS NORTH AMERICA, LLC, <br><br> Defendants. | CIVIL ACTION NO. 1:21-cv-02228-JPB |

**ORDER**

Before the Court is Defendant Tiffin Motor Homes, Inc.'s ("Tiffin") Motion to Dismiss ("Motion"). ECF No. 7. The Court finds as follows:

**I.     BACKGROUND**

Plaintiff Emory Brantley ("Brantley") filed suit against Tiffin and Defendant Daimler Trucks North America, LLC ("Daimler") alleging negligence and strict product liability in connection with the destruction by fire of Brantley's motor home. Tiffin moves the Court to dismiss the case for lack of personal jurisdiction.

The Complaint alleges that on or about April 21, 2015, Brantley purchased (from a third-party dealership in Florida) a motor home manufactured and

distributed by Tiffin and containing a chassis manufactured by Daimler (the "Vehicle").

On July 28, 2019, after Brantley parked the Vehicle at the Stone Mountain Campground in Stone Mountain, Georgia, flames emerged from the chassis area of the Vehicle and quickly engulfed it, resulting in the loss of the Vehicle and its contents.  A subsequent investigation allegedly revealed that the fire originated from the Vehicle's chassis area and was caused by incorrect routing of the power steering line and/or the starter cable.

With respect to personal jurisdiction over Tiffin, the Complaint alleges only that Tiffin is a foreign corporation with its principal place of business in Alabama and that Tiffin "was engaged in the manufacture, sale, and/or distribution of recreational vehicles and related equipment and services as well as marketing, supplying, and selling written warranties to the public at large through a system of authorized dealerships."  ECF No. 1-1, ¶ 2.

## II.     DISCUSSION

A motion to dismiss for lack of personal jurisdiction is analyzed according to a "three-step burden-shifting process." *Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 848 (11th Cir. 2020).

> First, the plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."

> Second, if the complaint alleged sufficient facts, and "the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Third, "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff."

*Id*. (citations omitted) (alteration in original).

Thus, the court will look beyond the plaintiff's complaint "***only if*** (1) the complaint alleged sufficient facts to make out a prima facie case of personal jurisdiction, and (2) the defendant challenges jurisdiction by submitting affidavit evidence in support of its position." *Id.* at 849 (internal citations omitted) (emphasis added). If the plaintiff does not meet the initial burden to allege sufficient facts to make out a prima facie case of personal jurisdiction, "the district court [does not] go to the second and third steps of the burden-shifting process, and the [defendant's] motion should be granted." *Id*.

To determine whether a plaintiff has met the initial burden to demonstrate that personal jurisdiction exists, courts employ a "two-step inquiry." *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.,* 358 F.3d 1312, 1319 (11th Cir. 2004). First, the court "determine[s] whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." *Id.* Second, if the forum state's long-arm statute allows for personal jurisdiction, the court then "examine[s] whether the exercise of

3

personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment." *Id.*  The Court addresses each step in turn.

### A. Georgia's Long Arm Statute

In relevant part, Georgia's long-arm statute allows a court to exercise personal jurisdiction over a nonresident corporation if that corporation:

(1) Transacts any business within [Georgia];

(2) Commits a tortious act or omission within [Georgia], except as to a cause of action for defamation of character arising from the act; [or]

(3) Commits a tortious injury caused by an act or omission outside [Georgia] if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Georgia].

O.C.G.A. § 9-10-91.  A foreign corporation transacts business in Georgia when it has purposefully done some act or consummated some transaction in Georgia, which can include both tangible and intangible contacts, such as mail and telephone calls. *See Diamond Crystal Brands, Inc.* v. *Food Movers Int'l, Inc.*, 593 F.3d 1249, 1264 (11th Cir. 2010).

Here, Brantley has alleged only that Tiffin is a foreign corporation with its principal place of business in Alabama; it conducts business with "the public at large" and placed its items "into the stream of commerce"; it manufactured the

4

Vehicle (though Brantley does not allege where Tiffin manufactured it); Brantley purchased the Vehicle in Florida; and Brantley drove the Vehicle to Georgia, where the loss occurred. These facts do not satisfy any of the relevant prongs of Georgia's long-arm statute.

The only allegations that are conceivably pertinent to the statute are that Tiffin engaged in business activities targeted to "the public at large" and placed its items "into the stream of commerce." ECF No. 1-1, ¶¶ 2, 26. However, Brantley's brief in opposition to Tiffin's Motion does not cite any case law establishing that such general allegations are sufficient to establish personal jurisdiction. Indeed, courts in this district routinely find similar allegations insufficient. *See, e.g., Quashie v. Olympus Am., Inc.,* 315 F. Supp. 3d 1329, 1337–38 (N.D. Ga. 2018) (holding that the plaintiff's allegation that the defendant placed its product "into the stream of commerce for use by the public" was insufficient to establish personal jurisdiction).

Accordingly, Brantley has failed to allege sufficient facts to satisfy the requirements of Georgia's long-arm statute.

### B.     Due Process Requirements

Even if the Complaint alleged sufficient facts to satisfy the requirements of Georgia's long-arm statute, it does not show that exercising jurisdiction over Tiffin comports with due process.

In determining whether personal jurisdiction comports with due process, courts "recogniz[e] two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *see also Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir. 2000) (distinguishing between general and specific jurisdiction).

### 1.     General Jurisdiction

General jurisdiction may be exercised "only when a defendant is 'essentially at home in the [forum] State,'" and such jurisdiction extends to all claims a plaintiff may bring. *Ford Motor Co.*, 141 S. Ct. at 1024 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). A defendant corporation is typically "at home" at its "place of incorporation and principal place of business." *Daimler AG v. Bauman,* 571 U.S. 117, 139 n.19 (2014).[1]

---

[1] The *Daimler* court noted that there may be "exceptional" circumstances where a company's operations in the forum state are "so substantial and of such a

6

Here, Brantley does not allege that Tiffin is incorporated in Georgia or that it maintains its principal place of business in Georgia. To the contrary, Brantley alleges Tiffin is a foreign corporation with its principal place of business in Alabama. Brantley also does not allege exceptional circumstances that would render Tiffin at home in Georgia. Notably, the Complaint does not allege Tiffin conducted *any* activity in Georgia, only that the Vehicle it manufactured allegedly injured Brantley here. Accordingly, the Complaint fails to allege sufficient facts to support the exercise of general jurisdiction over Tiffin.

### 2. Specific Jurisdiction

Unlike general jurisdiction, specific jurisdiction does not extend to all claims brought by a plaintiff. Rather, it is "'confined to [the] adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *HD Supply Const. Supply, Ltd. v. Mowers*, No. 1:19-CV-02750-SDG, 2020 WL 5774786, at *6 (N.D. Ga. Sept. 28, 2020) (quoting *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017)).

---

nature as to render" the company at home in that state, despite not being incorporated or having its principal place of business there.

To determine whether specific jurisdiction exists, courts examine the following three factors:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton Malletier, S.A v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted).  The plaintiff has the burden to establish the first two factors, after which the burden shifts to the defendant to establish the third, *i.e.*, make a "compelling" case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.  *Id.*

Here, Brantley does not allege facts to satisfy his burden on either of the first two factors of the analysis.  First, the Complaint does not allege any contacts between Tiffin and Georgia.  That Brantley drove the Tiffin-manufactured Vehicle to Georgia does not, without more, amount to a contact sufficient to comport with due process.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980) (holding that the state of Oklahoma could not exercise jurisdiction over a New York car dealer solely because a car it sold caught fire and injured a plaintiff in Oklahoma).  As such, the Complaint has not established a contact to which specific jurisdiction could attach.

8

Second, the Complaint does not allege facts showing that Tiffin purposefully availed itself of the privilege of conducting business in Georgia. Brantley's decision to drive the Vehicle to Georgia does not equate to Tiffin invoking the benefit of Georgia's laws. Nor does Brantley's "stream of commerce" allegation suffice. *See Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty*., 480 U.S. 102, 112 (1987) (stating that "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum [s]tate"). In short, there are no allegations that Tiffin designed its product for the Georgia market, advertised in Georgia, established channels for providing regular service to Georgia customers, marketed its product through a distributor in Georgia or conducted similar activities. *See id.* (listing examples of conduct that could indicate purposeful availment). Therefore, the Complaint fails to allege sufficient facts to support the exercise of specific jurisdiction over Tiffin.

Based on the foregoing analysis, the Court finds that Brantley has failed to establish a prima facie case of personal jurisdiction over Tiffin. Accordingly, the Court does not look beyond the Complaint to consider the facts Brantley proffers in opposition to Tiffin's Motion. *See Diulus*, 823 F. App'x at 849.

Instead of dismissing the Complaint, however, the Court will allow Brantley an opportunity to amend it. The Court notes that Brantley failed to file a motion to

amend that sets forth the substance or attaches a copy of the proposed amendment. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint" and that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment"). He simply stated in his brief, without any argument or citation to authority, that "[a]lternatively, the interests of justice support leave to amend the Complaint." ECF No. 14-1 at 2. Under applicable law, the Court is authorized to deny this type of request to amend. *See Long*, 181 F.3d at 1280.

Nevertheless, the Court will exercise its discretion to grant Brantley leave to amend the Complaint because Brantley's brief does set out the facts that it contends establishes personal jurisdiction over Tiffin, and the Court sees no evidence of undue delay, bad faith or dilatory motive or that the amendment would cause undue prejudice to Tiffin.[2]  *See* Fed. R. Civ. P. 15(a)(2) (stating that the court should freely allow leave to amend "when justice so requires"); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that denial of leave to amend is only appropriate where (1) there has been an undue delay, bad faith,

---

[2] The Court does not address whether the amendment would be futile because Tiffin did not address the substance of the facts Brantley offered in opposition to the Motion.

10

dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile).

For these reasons, the Court **DENIES** Tiffin's Motion (ECF. No. 7) without prejudice. Brantley may file an amended complaint within fourteen days of the date of this Order.

**SO ORDERED** this 14th day of February, 2022.

_____
J. P. BOULEE
United States District Judge